UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LANGSTON,<br><br>                    Petitioner,<br><br>   vs.<br><br>GEORGE NEOTTI, Warden,<br><br>                    Respondent. | CASE NO. 11cv785 - IEG (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS HABEAS PETITION;**<br><br>[Doc. No. 8]<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

   Petitioner Anthony Langston, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 1, Petition.] Presently before the Court is Respondent George Neotti ("Respondent")'s motion to dismiss the Petition. [Doc. No. 8, Resp't Mot.] For the reasons below, the Court **GRANTS** Respondent's motion.

**BACKGROUND**

   Petitioner states that he is currently housed at the R.J. Donovan Correctional Facility. [Petition at 1.] By the present Petition, Petitioner does not challenge his criminal conviction; rather he seeks to challenge a December 17, 2007 prison disciplinary hearing, in which he was found guilty of possession of inmate manufactured alcohol. [Id. at 6-9.] Petitioner contends that his due process rights were violated because the California Department of Corrections and Rehabilitation ("CDCR") failed to comply with the appropriate California regulations. [Id. at 6-8.]

Petitioner also contends his due process rights were violated because he did not receive a mental health assessment prior to his disciplinary hearing. [Id. at 9.]

On June 24, 2011, Respondent filed a motion to dismiss to dismiss the Petition, arguing that Petitioner's claims are barred by the applicable one-year statute of limitations and that the Petition fails to provide a basis for federal habeas relief. [Resp't Mot. at 3-7.] Petitioner's opposition was due on or before July 25, 2011, but Petitioner has yet to file an opposition.

## DISCUSSION

### I.  Statute of Limitations

Respondent argues that the Petition should be dismissed because it is barred by the applicable statute of limitations. [Resp't at 3-6.] Because the Petition was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA's one-year limitation period "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061,

1063 (9th Cir. 2004) (citation omitted). Applying the statute to a petition challenging a pertinent administrative decision, the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. at 1066 (citing 28 U.S.C. § 2244(d)(1)(D). In other words, in challenges to administrative decisions, such as those issued after disciplinary hearings, the statute of limitations is triggered by the date a petitioner learns of the final denial of the administrative appeal. Id.

In this case, the Director's Level Appeal Decision denying petitioner's administrative appeal from the disciplinary hearing was issued on December 10, 2008. [Lodgment 1.] Petitioner does not dispute that he was notified of this decision in a timely fashion. Accordingly, AEDPA's one-year limitation period began running against Petitioner the next day, December 11, 2008. See Shelby, 391 F.3d at 1066; see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Fed. R. Civ. P. 6(a)).[1] Petitioner, therefore, had until December 11, 2009, to file his federal habeas petition. See 28 U.S.C. § 2244(d)(1). Petitioner filed the instant federal petition on April 13, 2011, [Petition], well past the one-year limitation period. Accordingly, absent statutory or equitable tolling, the Petition is time-barred.

**A.     Statutory Tolling**

AEDPA's one-year limitations period is tolled during the pendency of any "properly filed" collateral attack in the state courts. 28 U.S.C. § 2244(d)(2); Artuz v. Bennet, 531 U.S. 4, 7-8 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz, 531 U.S. at 8. A petition is not "properly filed" if it is untimely or an improper successive petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (holding that an untimely petition is not "properly filed" under section 2244(d)(2)); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition.").

For California habeas proceedings, collateral review is considered to be "pending" during the interim between a writ being denied at one court level and a new petition being filed at the next

---

[1] Federal Rule of Civil Procedure 6(a) excludes "the day of the event that triggers the period."

1 higher court level as long as the petition at the next level is filed within "a reasonable period of
2 time." Porter, 620 F.3d at 958 (citing Carey v. Saffold, 536 U.S. 214, 222-25 (2002); Evans v.
3 Chavis, 546 U.S. 189, 192-93 (2006)). The U.S. Supreme Court has held that in the absence of a
4 clear indication by the California Supreme Court that a petition is untimely, "the federal court
5 must itself examine the delay in each case and determine what the state courts would have held in
6 respect to timeliness." Evans, 546 U.S. at 198.

7     In determining whether a California state petition is timely, the Ninth Circuit has instructed
8 that courts should operate on the assumption that California law does not differ significantly from
9 the laws of other States, i.e., that California's "reasonable time" standard does not lead to filing
10 delays substantially longer than those in States with determinate timeliness rules. Chaffer v.
11 Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (citing Evans, 546 U.S. at 198); accord. Velasquez v.
12 Kirkland, 639 F.3d 964, 967 (9th Cir. 2011). Specifically, a petitioner's delays should be
13 compared to the short periods of time, 30 to 60 days, that most States provide for filing an appeal.
14 Velasquez, 639 F.3d at 967 (citing Evans, 546 U.S. at 201). In applying this standard, the Ninth
15 Circuit has held that "unexplained gaps of as short as 115 and 101 days between habeas petitions
16 are 'unreasonable.'" Id. (citing cases). District courts within the Ninth Circuit have found even
17 shorter gaps of 93 and 97 days to be unreasonable. Id. (citing cases).

18     The one-year limitation period began running on December 11, 2008 when Petitioner's
19 administrative appeal was denied. On December 29, 2008, Petitioner sought state collateral
20 review by filing a petition for writ of habeas corpus in the state superior court. [See Lodgment 2.][2]
21 This act began the period of statutory tolling under section 2244(d)(2). See Porter, 620 F.3d at 958
22 ("[T]olling begins when the state habeas petition is filed."). At this point, 18 days of AEDPA's
23 365-day limitation period had passed.

---

[2] Although the habeas petition was stamped filed on January 5, 2009, the Court deems it filed on December 29, 2008, the date that Petitioner signed it. Under the mailbox rule, a prisoner's *pro se* habeas petition is "considered to be filed on the date a prisoner hands the petition to prison officials for mailing." Porter, 620 F.3d at 958. "The mailbox rule applies to federal and state petitions alike." Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010). Here, the Court infers that the date the petition was signed is the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace, 544 U.S. 408.

1    The state superior court denied the habeas petition on February 10, 2009.  [Lodgment 3.]
2 On May 1, 2009, Petitioner filed another petition for writ of habeas corpus in state superior court.
3 [Lodgment 4, at 2.]  The petition was denied as a second, successive petition, because Petitioner
4 raised the same arguments as in the first petition.  [Id.]  The state superior court indicated that the
5 second petition "simply repeats the arguments rejected in the First Petition," and it "provides no
6 new facts."  [Id.]  Because this second petition was denied as successive, it was "improperly filed"
7 under 28 U.S.C. § 2244(d)(2), and statutory tolling does not apply to this successive petition.  See
8 Porter v. Ollison, 620 F.3d at 958.  Respondent argues that because this successive petition was
9 "improperly filed," Petitioner is not entitled to statutory tolling while this successive petition was
10 pending.  [Resp't Mot. at 4-5.]  However, Respondent is not entirely correct.  The Ninth Circuit
11 has explained that "[t]he period that an application for post-conviction review is pending is not
12 affected or 'untolled' merely because a petitioner files additional or overlapping petitions before it
13 is complete."  Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003).  Therefore, Petitioner
14 may still be entitled to statutory tolling during this time period despite the filing of this successive
15 petition, so long as Petitioner filed a petition at the next appellate level for review of the first
16 petition within a reasonable period of time.  See id. at 820 n.3.

17    Petitioner filed his first California Court of Appeal petition on June 18, 2009.  [Lodgement
18 5.]  This was 128 days after the state superior court denied the first petition.  Petitioner provides no
19 explanation for this delay in his Petition, and he has not filed an opposition to Respondent's
20 motion.  Cf. Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (Petitioner "bears the burden of
21 proving that the statute of limitation was tolled.").  Therefore, this petition was not timely under
22 California law, and Petitioner is not entitled to statutory tolling during this period.  See Velasquez,
23 639 F.3d at 967-68.  Because Petitioner is not entitled to tolling during that period, at this point,
24 146 days of AEDPA's 365-day limitation period had passed.

25    On July 31, 2009, the court of appeal denied Respondent's petition without prejudice for
26 failure to attach a full copy of the superior court's order.  [Lodgement 6.]  Although this appeal

27
28

1 may have been properly filed,[3] Petitioner did not file a second petition with the court of appeal
2 curing this defect until 204 days later on February 20, 2010. In re Langston, D056895 (Cal. Ct.
3 App., filed Mar. 3, 2010). Petitioner also provides no explanation for this delay. Therefore, the
4 second court of appeals petition was not timely under California law, and Petitioner is not entitled
5 to statutory tolling during the period between the two court of appeal petitions. See Velasquez,
6 639 F.3d at 967-68. At this point, 350 days of AEDPA's 365-day limitation period had passed.

7     On May 7, 2010, the court of appeal denied Petitioner's second court of appeal petition.
8 [Lodgement 7.] Petitioner then filed a petition with the California Supreme Court 79 days later on
9 July 25, 2010. Petitioner also provides no explanation for this delay. Therefore, the California
10 Supreme Court petition was not timely under California law, and Petitioner is not entitled to
11 statutory tolling during the period between the court of appeal's order and the filing of the supreme
12 court petition. See Velasquez, 639 F.3d at 967-68; see, e.g., Livermore v. Watson, 556 F. Supp.
13 2d 1112, 1117-20 (E.D. Cal. 2008) (finding delay of 78 days to be unreasonable); Culver v. Dir. of
14 Corr., 450 F. Supp. 2d 1137, 1141 (C.D. Cal. 2006), adopted by 450 F. Supp. 2d 1135 (C.D. Cal.
15 2006) (finding unexplained delay of 71 days to be unreasonable). At this point, all 365 days of
16 AEDPA's one-year limitations period had passed.

17     Finally, the California Supreme Court denied the petition on September 1, 2010,
18 [Lodgement 9.] Petitioner waited an additional 271 days before filing the present Petition in
19 federal court on May 30, 2011. [Petition.] In total, even considering statutory tolling, Plaintiff
20 waited 700 days before filing the present Petition. Accordingly, the Petition is untimely by almost
21 a full year, 335 days, absent equitable tolling.

22     **B.    Equitable Tolling**

23     AEDPA's statute of limitations provision is subject to equitable tolling if the petitioner can
24 show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[3] Respondent contends that this court of appeal petition was not "properly filed" because it was denied without prejudice for failure to attach a complete copy of the lower court's order. [Def.'s Mot. at 5.] However, Respondent provides no authority for this contention. Respondent only cites to a case that holds that a petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) when the state court rejects the petition as untimely. [Id. (citing Pace, 544 U.S. at 417).] Here, the court of appeal did not reject the petition as untimely. [See Lodgement 6.]

1 circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted); accord. Velasquez, 639 F.3d at 968-69; see also Harris v. Carter, 515 F.3d 1051, 1055-56 (9th Cir. 2008); Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). The Petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" Velasquez, 639 F.3d at 969. In other words, the petitioner must have been delayed by circumstances beyond his control. Id. This high bar is necessary to effectuate AEPDA's statutory purpose of encouraging prompt filings in federal court. See Carey v. Saffold, 536 U.S. 214, 226 (2002). The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); accord. Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

Here, Petitioner has not filed an opposition to the motion to dismiss, and therefore, he makes no arguments to support equitable tolling. Any claim of ignorance of the statute of limitations or statutory tolling rules does not constitute an extraordinary circumstance warranting equitable tolling. See Rasberry, 448 F.3d at 1154 (holding that a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling); see also Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) ("We have . . . stressed that equitable tolling is unavailable in most cases" (quotation marks omitted)). Therefore, Petitioner has not met his burden of showing that equitable tolling should be applied in his case. Accordingly, the instant Petition is time barred pursuant to the one-year statute of limitations provision in 28 U.S.C. § 2244(d)(1).

**II.     Failure to Provide a Basis for Federal Habeas Relief**

Respondent also argues that the Petition should be dismissed because it fails to establish a basis for federal habeas relief. [Resp't Mot. at 6-7.] A federal court may grant a petition pursuant to Section 2254 only if the state court's adjudication of petitioner's claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403, 412-13 (2000).

A state court's decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. On the other hand, a state court's decision is an "unreasonable application" if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The state court's decision has to be more than erroneous or incorrect; rather, the application of federal law must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (citations omitted).

"[C]learly established" federal law, as determined by the Supreme Court of the United States, "'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" Carey v. Musladin, 549 U.S. 70, 74 (2006) (quoting Williams, 529 U.S. at 412). However, Section 2254(d) "does not 'require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied.'" Panetti v. Quarterman, 551 U.S. 930, 953 (2007) (quoting Musladin, 549 U.S. at 81 (Kennedy, J., concurring in judgment)). Thus, habeas relief may be appropriate under the "unreasonable application" prong when a state court violates the legal principle established by a Supreme Court decision, as long as that legal principle is applicable to petitioner's claims without "tailoring or modification" of the standard. Moses v. Payne, 555 F.3d 742, 753-54 (9th Cir. 2009). Moreover, Ninth Circuit case law may be "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help [the Court] determine what law is 'clearly established.'" Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000) (citations omitted).

### A.  Grounds One, Two and Three

In his first three grounds for relief, Petitioner contends that his due process rights were violated because the CDCR failed to comply with the appropriate regulations. [Petition at 6-8.] Specifically, Petitioner alleges that the CDCR violated his due process rights by penalizing him 120 days of lost good time credits without conducting a test of the liquid substance at issue in

violation of 15 C.C.R. §§ 3016(a) and 3290(e), (f), (g). [Id.]

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). In Wolff, the Supreme Court held that when the potential loss of good-time credits is at stake, the inmate must receive the following due process protections: (1) at least twenty-four hours advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) assistance from other inmates or staff, if needed; and (4) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-67.

Here, Petitioner does not claim that any of the above requirements were lacking during his disciplinary proceedings. Rather, Petitioner only claims that the CDCR's actions violated the California Code of Regulations. "[F]ederal habeas relief does not lie for errors of state law," Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (quotation marks omitted), and a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (1996). Therefore, the federal inquiry begins and ends with a determination of whether Petitioner received the protections afforded to him by Wolff. See Swarthout, 131 S. Ct. at 862. Petitioner does not contend that these protections were missing.

Petitioner may be alleging that the disciplinary proceedings were not supported by sufficient evidence because the CDCR never conducted forensic testing of the liquid substance at issue. However, the Constitution does not require forensic testing. Although the Due Process Clause requires that a decision rendered on a disciplinary charge be supported by "some evidence" in the record, Hill, 472 U.S. at 455, the "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994). The

1   record shows that the CDCR's decision was supported by "some evidence;" specifically, a rules
2   violation report stating that a correctional officer discovered the inmate manufactured alcohol
3   under Petitioner's bunk and verified that the substance was alcohol with a correctional sergeant.
4   [Lodgement 1; Lodgement 2, Ex. A.] Accordingly, grounds one through three of the Petition fail
5   to provide an adequate basis for federal habeas relief.

**B.     Ground Four**

In his fourth ground for relief, Petitioner contends his due process rights were violated because he did not receive a mental health assessment prior to his disciplinary hearing. [Petition at 9.] Petitioner also contends that this violated the dictates of Coleman v. Wilson, 912 F. Supp. 1282 (E.D. Cal. 1995). [Petition at 9.]

A mental health assessment is not one of the procedural due process requirements afforded to Petitioner under Wolff. Therefore, Petitioner has no clearly established due process right to a mental health examination prior to his disciplinary hearing. See Peralta v. Hermans, 2008 U.S. Dist. LEXIS 113351, at *18 (E.D. Cal. May 29, 2008), adopted by 2008 U.S. Dist. LEXIS 49849 (C.D. Cal., Jun. 23, 2008), affirmed by 390 Fed. Appx. 713, 714 (9th Cir. 2010) ("[T]he prison official's determination that no mental health assessment was required was neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."); see also Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994) (stating that a prisoner's right to due process is violated "only if he was not provided with process sufficient to meet the Wolff standard"), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Accordingly, ground four of the Petition also fails to provide an adequate basis for federal habeas relief.

**III.    Certificate of Appealability**

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability ("COA") to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). The court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a

1    "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the

2    district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel,

3    529 U.S. 473, 484 (2000).  In the present case, the Court concludes reasonable jurists would not

4    find the Court's assessment of Petitioner's constitutional claims debatable, and Petitioner has not

5    made a "substantial showing" of the denial of his constitutional rights.  Accordingly, the Court

6    **DENIES** Petitioner a COA.

## CONCLUSION

8    For the above reasons, the Court **GRANTS** Respondent's motion and **DISMISSES** the

9    Petition **WITH PREJUDICE**.  In addition, the Court **DENIES** Petitioner a certificate of

10    appealability.  The Clerk is directed to close the case.

11    **IT IS SO ORDERED.**

12    **DATED:** February 2, 2012

*[signature]*

**IRMA E. GONZALEZ**
**United States District Judge**